ERNEST PEYCKE ET AL. V. EDGAR SHINN, ADMINISTRATOR OF THE ESTATE OF J. L. SHINN, DECEASED.

FILED MARCH 18, 1903.   No. 12,075.

1. Contract: PROOF OF: LETTERS.   Where it is sought to establish a contract by letters, there must be evidence tending to prove that they are in the handwriting of the defendant, or that they came from him or his authorized agent, or were received in due course of mail, in answer to letters duly mailed to the address of the party sought to be bound.

2. Evidence: COPY OF WRITING.   Ordinarily, to justify the reception of a copy of a private writing in evidence, it must appear that it is a true copy of some writing, admissible in evidence, which has been

lost or destroyed, or which is in the possession of the adverse party, who refuses to produce it on due notice.

3. **Telegram:** AGENT: ESTOPPEL. If a message to be sent by telegraph is not reduced to writing by the sender, he makes the company his agent for that purpose, but he is not thereby estopped to deny that a paper offered in evidence was in fact reduced to writing by the telegraph company, or delivered as his message.

4. **Depositions:** REFILING. Where depositions are withdrawn from a case, to entitle them to be read on the trial they must be refiled in accordance with the provisions of section 387, Code of Civil Procedure.

5. ————: STATUTE. In this state the taking of depositions is regulated by statute, and there is no provision which requires leave of court to entitle a party to take a second deposition of the same witness for use in the same case.

ERROR to the district court for Douglas county: WILLARD W. SLABAUGH, DISTRICT JUDGE. *Reversed.*

*Charles S. Elgutter* and *Alvin F. Johnson,* for plaintiff in error.

*Alex A. Altschuler, contra.*

ALBERT, C.

This action was brought in the county court of Douglas county, by J. L. Shinn against Ernest Peycke and Julius Peycke, partners doing business under the name of Peycke Bros., to recover the value of certain potatoes, alleged to have been sold and delivered by the plaintiff to the defendants. The case was carried on appeal to the district court. Subsequently the action was revived in the name of Edgar Shinn, administrator of the estate of the original plaintiff. The sale was made to one Oberste, who, it is claimed, was at the time the agent of the defendants, acting for them in the premises. The principal question, coming to the merits of the case, appears to be whether the alleged agent was in fact the agent of the defendants. The defendants offered no evidence touching the issues in the case. The court directed a verdict for the plaintiff. The defendants bring the case here on error.

The evidence by which it is sought to establish the agency of Oberste consists of certain letters and telegrams alleged to have been received by him from defendants. The defendants insist that these letters and telegrams were erroneously admitted in evidence, because they were not sufficiently identified. Before the introduction of any of the letters, the alleged agent testified, in effect, that his contract of agency was made entirely by correspondence, and that he was not personally acquainted with the defendants. It was not shown that he was acquainted with their signatures, or that the letters were received in answer to any letters addressed by him to them at their address. There is nothing to identify them, save the conclusion of the witness that he received them from the defendants. It seems to us that the objections should have been sustained. It is well settled that where a contract is sought to be proved by letters, there must be testimony tending to prove the handwriting, or that they came from the defendant or his authorized agent, or were received in due course of mail in answer to letters mailed to the address of the alleged writer. The letters should have been excluded. *Gartrell v. Stafford,* 12 Neb. 545, 41 Am. Rep. 767.

The plaintiff contends that the errors complained of in the admission of the letters are grouped in one assignment in the petition in error, and that unless all were erroneously admitted, the assignment should be disregarded. Without going into the merits of that contention, it will suffice to say that the plaintiff has pointed out no letter admitted in evidence to which the objections hereinbefore considered do not apply, nor has our examination disclosed any; consequently, even under the strict rule invoked, the assignment is sufficient.

As regards the telegrams, the local manager of the Western Union Telegraph Company at Omaha, the point from which the telegrams are claimed to have been sent, was sworn as a witness to lay the foundation for the introduction of copies of the telegrams instead of the orig-

inals. He testified that at the time the messages purport
to have been sent the defendants had a private operator
at their place of business, who transmitted their messages
by wire to the local office of the company, where they were
reduced to writing and then transmitted to their destina-
tion; that, according to the rules of the company, the
messages thus received and written out at the local office
were there retained for six months, and then destroyed,
and no record kept of them. He was then shown the copies
sought to be introduced in evidence, and asked whether
the originals had been destroyed. His answer was, in
effect, that, if received at the local office, they were cer-
tainly destroyed, as more than two years had elapsed since
their date. He was unable to say whether the copies
offered were of messages sent over the line of his company
or not. The foregoing is the substance of the foundation
laid for the introduction of the copies in evidence. The
defendants objected to their introduction in evidence on
the ground that a sufficient foundation had not been laid.
It is clear that the objection should have been sustained.
It is elementary that to warrant the reception of an alleged
copy of a private writing in evidence, it must first be shown
that it is a true copy of some writing admissible in evi-
dence, which has been lost or destroyed, or which is in
the hands of the adverse party, who refuses to produce it
on due notice. No such foundation was laid in this in-
stance. The defendants having neglected to put their
messages in writing, may be considered to have made the
telegraph company their agent for that purpose, but the
papers offered in evidence were not shown to have been
written by the company and delivered to plaintiff as the
messages of the defendants.

Certain depositions were used by the plaintiff on the
trial of the cause in the county court. After the trial
there, he withdrew them on leave of court, and they passed
into the custody of his attorney. They were offered in
evidence in the district court. The defendants objected
to their reception on the ground that the record showed

they had been withdrawn.   The objection was overruled, and parts of them were read in evidence.   There is considerable parol evidence tending to show the purpose for which they were withdrawn, but we do not regard that as material, the fact that they were withdrawn conclusively appearing of record.   We are unable to find that they were ever refiled before they were offered in evidence.

It is true that section 383 of the Code of Civil Procedure provides that when a deposition has once been taken, it may be read in any stage of the same action or proceeding.   But the same section makes it subject to all such exceptions as may be taken under the provisions of the code relative thereto.   One of such provisions (section 387) is that every deposition intended to be read in evidence must be filed at least one day before the day of trial.  When the depositions in question were withdrawn, it seems to us they were no longer on file, and that refiling was necessary before they could be properly received in evidence.   We think the depositions should have been excluded.

On the question whether these depositions had been withdrawn, the defendants offered a transcript of the record of the county court in evidence. The court refused to receive it.   The transcript was a part of the record of the case in the district court.   The question under investigation was exclusively for the court, and it was required to take judicial notice of the record.   The offer of the transcript in evidence was unnecessary, and it was not error to reject it.

Another deposition was assailed by the defendants by motion to suppress, on the ground that a former deposition of the same witness had been taken in the case, and no leave of court had been granted for the taking of the second deposition.   The taking of depositions is wholly regulated by statute.   We find nothing there to prevent the taking of a second deposition of a witness in the same case, nor that leave of court is necessary to that end.   We think the motion was properly overruled.

With the evidence erroneously admitted eliminated from the record, the remainder is wholly insufficient to sustain the verdict.

We therefore recommend that the judgment of the district court be reversed, and the cause remanded for further proceedings according to law.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed, and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.