ERNEST PEYCKE ET AL. v. EDGAR SHINN, ADMINISTRATOR.

FILED APRIL 5, 1906. No. 14,266.

1. **Contract:** CONSTRUCTION. A contract for potatoes in car-load lots at an agreed price per bushel for all that may be loaded during the week, under which the seller has loaded and shipped four car-loads, is entire in the sense that either party had the right to a full performance.

2. **Agent's Authority:** EVIDENCE. The authority of an agent may be shown by the letters of his principal, and it is a sufficient foundation for the introduction of such letters in evidence to show that they were received in due course of mail in answer to letters written by the agent to the principal, and duly mailed to the address of the party sought to be bound.

ERROR to the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*Charles S. Elgutter,* for plaintiffs in error.

*Altschuler, Fleharty & Moriarty, contra.*

JACKSON, C.

This is the second appearance of this case. Our former opinion is reported in 68 Neb. 343. The facts necessary to be noticed are: That Peycke Brothers, of Omaha, had a branch house at Kansas City, and maintained a place of business both at Kansas City and Omaha. H. O'Berste was buying potatoes in Arkansas, and in the spring of 1898

entered into an agreement with Peycke Brothers, of Omaha, to buy potatoes for them in car-load lots for an agreed compensation of $10 a car. He was provided with funds from the Omaha office, and completed all purchases except the ones in suit, by payment of cash. The business was carried on entirely by correspondence through the mails and telegrams. Peycke Brothers informed him in advance of prices which he was authorized to pay, and shipments were made to the firm at Kansas City. On June 10, 1898, Peycke Brothers telegraphed O'Berste: "Mailing money Ozark tomorrow. Don't want onions. Looking for lower prices potatoes not above 50 for next week." On the 16th of that month O'Berste, while passing through Russellville, Arkansas, heard that potatoes were being loaded there, and, having 20 minutes at that station, he sought the dealer, J. L. Shinn, and contracted with him for potatoes at an agreed price of 50 cents a bushel for all that Shinn could load that week, and, as O'Berste was not to remain there, he directed Shinn to ship the potatoes to Peycke Brothers at Kansas City and draw on them for the purchase money. On June 14 Peycke Brothers, Omaha, telegraphed O'Berste: "Can use 10 cars this week's shipment at 40." This telegram was received by O'Berste on the 16th, after he had entered into the contract with Shinn, and it appears that he advised Shinn of the receipt of the telegram and wired him that the house would not confirm the order. Shinn, however, answered that it was too late, that two cars had already gone. Shinn loaded two more cars that week, but the bills of lading for the last two cars were not delivered until the following Monday. Sight drafts were attached to the bills of lading and forwarded to a bank in Kansas City for collection. The first two cars were received by Peycke Brothers and the drafts on them were paid. Upon the arrival of the last two cars, Peycke Brothers at Kansas City telegraphed Shinn: "We did not authorize you to draw for 50 cts. a bushel. Wire bank deliver us bills of lading quick." On the following day they telegraphed: "Potatoes too heavily loaded. Becoming

heated. Must be sold quick. Wire bank deliver us bills of lading tonight so can place early morning trade." Upon receipt of the latter telegram, Shinn wired the Kansas City bank to release the bills of lading, the potatoes were turned over to Peycke Brothers, and the drafts returned unpaid to Shinn. The potatoes were sold, and Peycke Brothers remitted to Shinn the sum of $134.94 as the proceeds of the sale, less charges and commission. Shinn credited that amount to Peycke Brothers, and sued that firm in Douglas county for the difference between the amount remitted and the contract price. While the suit was pending Shinn died, and the action was revived in the name of his administrator. The plaintiff had judgment for the full amount of his demand, and defendants prosecute error.

There are two principal contentions as to the merits of the controversy: First, as to the authority of O'Berste to bind his principal by an agreement to pay 50 cents a bushel at the time he entered into the contract; and, second, that the transaction relative to the last two cars amounted to a consignment on commission. Both of these contentions are untenable. At the time the contract was made, O'Berste had express authority from his principal to buy potatoes during that week for 50 cents a bushel. The contract was clearly within the scope of his authority as agent, with the single exception that he ordinarily paid cash; but the defendants were not prejudiced by this departure. The agent was supplied with the necessary funds to pay for the potatoes, and might have done so, had he chosen to remain at Russellville until the potatoes were loaded and weighed. The course pursued by him however, was one best adapted to the circumstances, and was ratified by his principal when the first two car-loads were received and the sight-drafts honored without question. Furthermore, payment of the drafts for the two latter cars was waived by Shinn, and Peycke Brothers received the potatoes knowing that they had not been paid for by their agent. There was involved no question of a lack of good faith, and the evidence discloses a complete accounting be-

tween O'Berste and his principal, so there seems to be no reason why the contract should not be enforced.

It is urged, however, that Shinn knew, before the last two cars were shipped, that Peycke Brothers had revoked the authority of O'Berste to pay 50 cents a bushel for the potatoes. Such action, however, was too late, after the contract was made in good faith. In that connection, too, it is worthy of notice that there is involved in the issue no question of the difference in price between the price agreed upon and the one which the agent was authorized to pay in the telegram of June 14. Peycke Brothers treated the shipment, not as a sale, but as a consignment on commission, and they should not now be permitted·to urge, after litigation has commenced, that their liability, in any event, was only for 40 cents a bushel. As to the claim that the last shipment should be treated as a consignment on commission, because of the fact that Shinn authorized delivery without payment, thus rendering the contract separable, such action on the part of Shinn could not have the effect contended for. The contract was still entire in the sense that either party had the right to full performance. *Williams v. Robb,* 104 Mich. 242, 62 N. W. 353.

The other questions urged relate to the admission and sufficiency of the evidence. It will be observed that the action was against Ernest Peycke and Julius Peycke, doing business under the firm name and style of Peycke Brothers, while the transaction was with Peycke Brothers, and it is said that no evidence is to be found in the record that Ernest Peycke and Julius Peycke were doing business under the name of Peycke Brothers. The correspondence, however, from Peycke Brothers was on printed letterheads; the printed portion, in so far as it is material, is in this form:

"Ernest Peycke.                                   Julius Peycke.
                    Peycke Bros.,
            Wholesale Brokerage and Commission,
                     Omaha, Neb.,
Des Moines, Ia.                          Kansas City, Mo."

It is evident that they thus held themselves out as doing business under the name of Peycke Brothers. No evidence was offered on their behalf, except the introduction of certain letters, which they procured to be introduced on the cross-examination of one of the plaintiff's witnesses, as will be hereafter noticed.' The evidence afforded by their own letterheads, considered with other facts in the case, we think sufficient.

Again, it is urged that no foundation was laid for the introduction of the letters received by O'Berste from Peycke Brothers. In our former opinion (68 Neb. 343.), this question was the controlling one in the determination of the case, and it was held that no sufficient foundation was disclosed by the record. The first paragraph of the syllabus is as follows:

"Where it is sought to establish a contract by letters, there must be evidence tending to prove that they are in the handwriting of the defendant, or that they came from him or his authorized agent, or were received in due course of mail, in answer to letters duly mailed to the address of the party sought to be bound."

At the second trial we think the plaintiff was entirely within that rule. The testimony of O'Berste is direct and positive that the letters introduced were received in answer to letters from him addressed to Peycke Brothers at Omaha. Furthermore, the defendants produced on the cross-examination of O'Berste the identical letters written by him, had them identified, and they were offered and received as a part of the cross-examination. We entertain no doubt that the letters were properly received.

The only remaining question is as to the admissibility of the letters of administration. It is said that they were not properly authenticated, and that it was not shown that Jacob L. Shinn, therein named, was the J. L. Shinn of this action. It is not suggested wherein the letters are not properly authenticated. They are certified by the county clerk, *ex officio* clerk of the probate court, as well as by the judge of that court, under seal. There is also attached the

certificate of the secretary of the state of Arkansas, under the seal of the state, that the officers so certifying are the officers which they represent themselves to be. The record does not contain the original pleadings, and we are not advised of whether the action was originally brought in the name of Jacob L. Shinn or J. L. Shinn, nor is the record of the revivor contained in the transcript, so that we are unable to determine whether there is any merit in the objection or not, and, with the record before us, we feel that the judgment should not be disturbed on that question alone.

We were not favored with a brief on behalf of the defendant in error, and are therefore ignorant of the views entertained by his counsel. We are satisfied, however, that the judgment is right, and recommend that it be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.